FILED

AUG 16 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED

FEB 0 8 2007

CLERK, U.S. ~~~~~~ COURT
ANCHORAGE, ALASKA

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>CHIEM EUY SAECHAO,<br><br>Defendant - Appellant. | No. 05-30439<br><br>D.C. No. CR-04-00108-JWS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted July 26, 2006
Anchorage, Alaska

Before: KOZINSKI, BERZON, and TALLMAN, Circuit Judges.

Chiem Euy Saechao appeals from the district court's denial of his motion to suppress the fruits of a warrantless search of his home. We conclude that whether or not exigent circumstances existed at the time of the warrantless search, the

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

independent source rule permitted introduction of the package and its contents at the trial.

1.   The government did not argue the applicability of the independent source rule until appeal. We can nonetheless decide the issue if it is "purely one of law and either does not depend on the factual record developed below, or the pertinent record has been developed." *Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985); *see also Jovanovich v. United States*, 813 F.2d 1035, 1037 (9th Cir. 1987).

The independent source issue meets that standard. The issue turns in part on the same facts as the probable cause determination decided by the district court—namely, whether the agents had probable cause to search Saechao's home once the transmitter indicated that the package, which Saechao had been seen collecting from the post office and bringing to his home, was opened. Also, *before* the warrantless search, Agent Martinez clearly stated his intention to obtain a search warrant after the package was opened. So the factual record concerning whether the agents could and would have obtained the warrant without the information from the initial search is complete.

2.   The officers had an independent source for the evidence obtained from Saechao's house and introduced at trial—namely, the search sanctioned by the

later-obtained warrant. *See Murray v. United States*, 487 U.S. 533, 541 (1988). Once we exclude the arguably tainted information arising from the officers' warrantless entry into Saechao's trailer, the remaining information in the search warrant affidavit still amounts to probable cause for the warrant permitting seizure of the package and its contents. *See United States v. Salas*, 879 F.2d 530, 537-38 (9th Cir. 1989); *United States v. Driver*, 776 F.2d 807, 812 (9th Cir. 1985). The evidence seized as a result of that warrant and introduced at trial therefore need not be suppressed.

**AFFIRMED.**